USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ORTIZ et al.,

                        Plaintiffs,

      -against-

ESKINA 214 CORP. et al.,

                        Defendants.
-----------------------------------------------------------------X

**21-CV-1537 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO WITHDRAW AS COUNSEL**

**KATHARINE H. PARKER, United States Magistrate Judge**

On October 13, 2021 Defendants' counsel, Martin E. Restituyo Esq., moved to withdraw as counsel of record for Defendants Eskina 214 Corp., Ismael Garcia, and William Segura pursuant to Local Civil Rule 1.4 due to the non-payment of legal fees and the lack of Defendants' cooperation in litigating this action. (ECF Nos. 39-41.) On October 14, 2021 this Court provided plaintiffs and individual defendants until October 29, 2021 to submit a letter to the Court indicating if they opposed the withdrawal. (ECF No. 43.) The Court has received no objections. For the reasons set forth below, Defendants' counsel's motion to withdraw is GRANTED.

### DISCUSSION

A court in this District may grant counsel leave to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . ." S.D.N.Y. Civ. R. 1.4. This Court, therefore, must analyze two factors in determining whether to grant a motion to withdraw as counsel of record: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the

timing of the proceeding. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10-cv-1676 (GBD) (JCF), 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

With respect to the first factor, Defendants' counsel asserts that Defendants have not paid attorney's fees and have irreconcilable views regarding litigation strategy. Specifically, counsel represents Defendants' have failed to pay most of the legal fees accumulated to date, and have made no payments since August 2, 2021. Counsel also represents that Defendants have failed to meet or attend conference calls to discuss the litigation. Accordingly, the Court is satisfied that withdrawal is justified. *See Capak v. Smith,* No. 18-cv-4325 (RA) (KHP), 2021 WL 1103375, at *1-2 (S.D.N.Y. Feb. 2, 2021) (granting motion to withdraw as counsel due to non-payment of legal fees)*; Naguib v. Public Health Solutions*, No. 12-cv-2561 (ENB) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where client refused to communicate and cooperate with counsel).

Next, the Court must consider whether the prosecution of the action is likely to be disrupted by the withdrawal of counsel. *See Callaway Golf Co.*, 2011 WL 2899192, at *3. The Court notes that fact discovery in this case is not set to close until December 31, 2021 and that there is no trial date set.[1] In these circumstances, the proceedings are unlikely to be substantially disrupted and prejudice to Defendants is unlikely. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 8-cv-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (finding that attorney withdrawal would not unreasonably delay proceedings as the case was not on the verge of trial); *Furlow v. City of New York*, No. 90-cv-3956 (PKL), 1993 WL 88260, at

---

[1] Plaintiffs have requested that all deadlines be extended by two months, which the Court simultaneously grants. Accordingly, fact discovery is extended until February 28, 2022.

*2 (S.D.N.Y. Mar. 22, 1993) (holding that withdrawal was proper where document discovery was complete but depositions remained and the "action [was] not trial ready"). Accordingly, the Court finds that the second factor also favors withdrawal.

## CONCLUSION

For the foregoing reasons, Defendants' counsel's request to withdraw as counsel for Eskina 214 Corp., Ismael Garcia, and William Segura (ECF No. 39) is GRANTED. Defendant Eskina 214 Corp, as a corporate defendant must be represented by an attorney. As such, Eskina 214 Corp. will have **30 days** from the date of this Order to retain new counsel or risk an adverse judgment. Further, Defendants Ismael Garcia and William Segura shall also have **30 days** to retain new counsel, if they so choose. Martin E. Restituyo, Esq. is hereby directed to serve a copy of this Order on Defendants and shall also file proof of service of the same on ECF. Finally, the Court respectfully requests that the Clerk of Court terminate Martin E. Restituyo, Esq.'s representation of Defendants consistent with this order.

Fact and expert discovery are extended until February 28, 2022 in light of this change.

**SO ORDERED.**

DATED:    New York, New York
          November 1, 2021

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge