USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

RICARDO ORTIZ, HENRY FLORES, AND MARIO
FLORES, on behalf of themselves and all
others similarly situated,

                              Plaintiffs,                    **21-CV-01537(ALC) (KHP)**

              -against-                                      **ORDER & OPINION**
                                                            **ON CONDITIONAL CERTIFICATION**

ESKINA 214 CORP. d/b/a CAFÉ TABACO & RON,
ISMAEL GARCIA, AND WILLIAM SEGURA,

                              Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        Plaintiffs Ricardo Ortiz, Henry Flores, and Mario Flores, individually and on behalf of all

others similarly situated, brings this action against Defendants Eskina 214 Corp. d/b/a Café

Tabaco & Ron ("Café Tabaco"), Ismael Garcia, and William Segura (collectively, "Defendants").

Defendants currently own and operate a restaurant called Café Tabaco located at 501 West

214th Street in New York City.  Plaintiffs claim that Defendants violated the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), by failing to pay

Plaintiffs and other non-managerial employees all wages due, including overtime, failing to pay

their wages within the statutorily prescribed period, and failing to comply with other

requirements of the NYLL.  (ECF No. 1.)

        Plaintiffs have moved for conditional certification of their FLSA claims as a collective

action and leave to disseminate notice to the putative FLSA collective, pursuant to 29 U.S.C. §

216(b).  They define the putative collective as "all non-exempt employees, (including but not

limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, chefs, cooks, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint."  (ECF 1 ¶ 19.)  Plaintiffs propose a form of notice and ask for production of identifying information so that their proposed notice may be sent to all putative members of the collective.  Plaintiffs also move for equitable tolling of the FLSA claims in conjunction with their motion for conditional certification.

Defendants have failed to submit an opposition to the motion, and the time for a response has passed.  As discussed below, Plaintiff's motion is granted in part and denied in part.

**BACKGROUND**

Ortiz worked as a cook for Defendants from in or about January 2010 to about March 2020.  (Ortiz Decl. ¶ 1.)  Henry Flores worked for Defendants as a chef from in or about May 2010 to around March 2020.  (Henry Flores Decl. ¶ 1.)  Mario Flores worked as a cook for Defendants from in or around January 2014 to around March 2020.  (Mario Flores Decl. ¶ 1.)  In support of their motion for conditional certification, Plaintiffs submitted sworn affidavits addressing the factual basis for their claims and appending payroll statements and earning statements.  All three Plaintiffs' affidavits describe the pay practices of Defendants and state that they spoke with other employees of Defendants who were in other non-exempt positions about the wages they were paid and learned that their co-workers also were improperly paid. Their affidavits specify the names and positions of the co-workers who shared information

2

about their wages.  These co-workers held positions such as food preparer, waitress, server,

busser, dishwasher, hookah prep, bartender, and valet parking attendant.  In sum, the Plaintiffs

attest to working more than forty hours per week, being paid a fixed salary regardless of hours

worked and never being informed that the salary was intended to cover overtime hours.  They

also attested to paychecks bouncing and being paid late.  They each attested to discussing

Defendants' failure to pay overtime with other employees and learning that such other

employees also were not paid overtime.

**DISCUSSION**

**I.      Collective Action Certification Legal Standard**

Section 216(b) of the FLSA provides that parties suing under Sections 206 and 207 may

proceed "for and in behalf of himself or themselves and other employees similarly situated."

29 U.S.C. § 216(b).  A proceeding brought under Section 216 is traditionally referred to as a

"collective action."  *See*, *e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10. (2d Cir. 2010).

Although the statute itself does not prescribe the process for collective action approval,

"district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by

facilitating notice to potential plaintiffs."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169

(1989); *accord Myers*, 624 F.3d at 554-55.  Orders authorizing notice to potential collective

action members are often referred to as orders conditionally "certifying" a collective action,

even though the FLSA itself does not mandate certification.  *See*, *e.g.*, *Myers*, 624 F.3d at 555

n.10; *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010).  The

dissemination of notice in an FLSA collective action is in fact a case management tool that

courts may employ in "appropriate cases," including where notice will facilitate swift and economic justice. *See Myers*, 624 F.3d at 555 n.10.

The United States Court of Appeals for the Second Circuit has endorsed a two-stage process for certification of a collective action under Section 216(b) of the FLSA. *Myers*, 624 F.3d at 554-55. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. Plaintiffs can meet this burden by making a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18-cv-12220 (PAE) (RWL), 2019 WL 4493429, at *6 (S.D.N.Y. Sept. 9, 2019) (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). The modest factual showing can be made by "relying on [plaintiff's] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-cv-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (citing *Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 at *4 (S.D.N.Y. Apr. 26, 2007)). There must be a "factual nexus" that binds Plaintiffs and the other putative collective members "together as victims of a common unlawful practice." *Martin v. Sprint/united Mgmt. Co.*, No. 15-cv-5237 (PAE), 2016 WL 30334, at *5 (S.D.N.Y. Jan. 4, 2016) (citation omitted).

If the Court finds that the potential plaintiffs appear to be similarly situated, it will issue notice and permit the case to proceed through discovery as a collective action. *See, e.g., id*; *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). However,

4

conditional certification is not mandatory and lies within the discretion of the Court.  *See*, *e.g.*, *Schucker v. Flowers Foods*, Inc., No. 16-cv-3439 (KMK), 2017 WL 3668847, at *5 (S.D.N.Y. Aug. 24, 2017) ("[C]onditional certification is discretionary and managerial in nature.") (citation and internal quotation marks omitted); *Auffray v. FXFL, LLC*, No. 15-CV-9379 (GHW), 2016 WL 6810863, at *2 (S.D.N.Y. Nov. 16, 2016) ("[T]he decision whether to a grant a motion for conditional certification of an FLSA collective action lies within the discretion of the district court. . . . [C]onditional certification . . . is not mandatory, even where named plaintiffs are able to show that they are similarly situated to potential opt-in plaintiffs.").

Because certification at this early juncture is merely "preliminary" and subject to reevaluation on a fuller record, a plaintiff's burden is low.  *See*, *e.g.*, *Lynch*, 491 F. Supp. 2d at 368 ("The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage.").  At this initial stage, the court does not evaluate the underlying merits of a plaintiff's claims.  *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 1810157, at *2 (S.D.N.Y. Apr. 17, 2015).  It merely determines whether the plaintiff has made the minimal showing necessary for court-authorized notice.  *See, e.g.*, *id.* at *1; *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (collecting cases).

In keeping with the minimal showing standard, FLSA collective actions have been conditionally certified upon a single plaintiff's affidavit.  *See*, *e.g.*, *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv- 2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015); *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3-4 (S.D.N.Y. June 25, 2013) (granting conditional certification and collecting cases).  However, certification is not automatic.

*See*, *e.g.*, *Guillen*, 750 F. Supp. 2d at 476-80 (denying certification at the first stage); *see also*

*Zeledon v. Dimi Gyro LLC*, No. 15-cv-7301 (TPG) (DF), 2016 WL 6561404, at *1, *8–12 (S.D.N.Y.

Oct. 13, 2016) (conditionally certifying a class of salaried delivery persons who worked at a

single location based on the plaintiff's affidavit, but denying certification as to other categories

of employees).  A plaintiff cannot meet his or her burden through unsupported assertions or

conclusory allegations.  *See*, *e.g.*, *Myers*, 624 F.3d at 555; *Morales v. Plantworks, Inc.*, No. 05-cv-

2349 (DC), 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 2, 2006).

At the second stage, the district court conducts a more stringent analysis, based on the

record developed through discovery, to determine whether the collective action should

proceed.  *Myers*, 624 F.3d at 555.  The action may be "de-certified" if the record reveals that

the plaintiffs who have opted in are not actually "similarly situated" to the named plaintiff, and

the opt-in plaintiffs' claims may be dismissed without prejudice.  *Id*.  This second stage inquiry is

more stringent because the court "is able to examine whether the *actual* plaintiffs brought into

the case are similarly situated."  *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 645

(S.D.N.Y. 2010) (emphasis in original) (quoting *Gortat v. Capala Bros., Inc.*, No. 07-cv-3629 (ILG),

2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010)); *accord Myers*, 624 F.3d at 555.

## II.    Application of Conditional Certification Standard to this Case

Having carefully reviewed the information submitted by Plaintiffs, this Court finds that

Plaintiffs have met the minimal burden necessary for conditional certification of their FLSA

claims as to Defendants' non-managerial[1] employees who include, but are not limited to

---

[1] The Court uses the term non-managerial rather than non-exempt because non-exempt is a legal term that may be confusing to individuals who receive notice.

6

delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, chefs, cooks, and dishwashers.  They have listed various other employees in various positions who also complained about not being paid overtime or being paid a fixed salary regardless of hours worked.  They have stated in general when and where they spoke with their coworkers about wages and Defendants' pay practices.  Additionally, they have provided copies of pay records that do not break out overtime hours from regular hours or that fail to include the amount of hours worked in a pay period and that even appear to treat some employees as independent contractors by paying them on a "1099" basis.  This is a sufficient showing to demonstrate that the non-managerial employees at the restaurant may be similarly situated as to an FLSA violation and to obtain conditional certification.

III.    **Time Period**

Plaintiffs request a six-year notice period.  The statute of limitations applicable to a claim for unpaid wages and/or overtime compensation under the FLSA is two years from the date that the claim accrued or three years for a cause of action arising out of a willful violation. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999).  At the conditional certification stage, allegations of willful FLSA violations are sufficient to apply the three-year statute of limitations for purposes of sending a notice to putative members of the collective.  *Francis v. A & E Stores, Inc.*, No. 06-cv-1638 (CLB) (GAY), 2008 WL 2588851, at *3 (S.D.N.Y. June 26, 2008), *adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008).

The New York Labor Law provides for a six-year statute of limitations.  N.Y. Labor Law § 198(3).  Although the Complaint in this action asserts violations of both federal and state law,

the conditional certification procedure is specific to the FLSA.  29 U.S.C. § 216(b).  It notifies

others of their right to opt-in to a collective action.  There is no similar procedure under the

New York Labor Law.  Rather, to certify a class under the state law, the requirements of Fed. R.

Civ. P. 23 must be met, and once certified, class members are bound by the determinations of

the court unless they opt-out.  *Pino v. Harris Water Main & Sewer Contractors Inc*., 2021 WL

3675148 (E.D.N.Y. Aug. 19, 2021) (discussing different standards for collective certification

under FLSA and class certification of New York Labor Law claims under Rule 23); *Martinez v. JVA*

*Industries Inc*., 2021 WL 1263133 (S.D.N.Y. Apr. 6, 2021) (nothing that the analysis for certifying

a class under Rule 23 is "quite distinct" from "the much higher threshold of demonstrating that

common questions of law and fact will 'predominate' for Rule 23 purposes") (quoting *Myers*,

624 F.3d at 556).

Sending notice to all non-managerial employees employed at any time in the six-year

period preceding the filing of the complaint to the date of the notice could lead to confusion, as

some individuals may not have timely claims under the FLSA and the opt-in notice does not

relate to state claims.  See, e.g., *Nelson Duran v. R&L Interior Renovations and Construction*

*Corp.*, 2021 WL 4847074 (S.D.N.Y. Oct. 18, 2021) (declining to approve six-year notice period in

connection with conditional certification of FLSA claims); *Benavides v. Serenity Spa NY Inc.*, 166

F. Supp 3d 474, 484 (S.D.N.Y. 2016) (same).  Accordingly, the Court declines to authorize a six-

year notice period.  Instead, a three-year notice period will be approved because the Plaintiffs

have alleged a willful violation.  The Complaint in this action was filed on February 19, 2021, so

the three-year statute of limitations period extends back to February 19, 2018.

8

eg

IV.     **Notice Form**

Plaintiffs provide a form of Notice which reflects a six-year period for the proposed collective and use of the term "non-exempt" rather than "non-managerial."  Given the Court's rulings above, the form must be revised to reflect the three-year notice period and substitute "non-managerial" for "non-exempt."  Plaintiff shall submit a revised form of proposed notice for the Court's consideration within two weeks of this Order.  Plaintiffs have requested that the notice be translated to Spanish because many of the employees at the restaurant were Spanish speakers.  The Court agrees that the goals of notice would be best served if the final notices is also provided in Spanish and approves sending of the notice in both English and Spanish.  *See Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007).

V.      **Production of Contact Information and Scope of Notice**

Plaintiffs have requested that Defendants be ordered to provide putative collective members' contact information, including names, titles, compensation rates, date of employment, last known mailing addresses, email addresses, and phone numbers.  Courts in this district routinely allow Plaintiffs to receive contact information of putative collective members, including last known addresses, telephone numbers, and emails.  *See, e.g.*, *Martin*, 2016 WL 30334, at *20 (ordering the production of names, mailing addresses, telephone numbers, email addresses, and dates of employment); *In re Penthouse Exec. Club Comp. Litig.*, No. 10-cv-1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (ordering the production of names, mailing addresses, telephone numbers, and dates of employment).  This Court is not aware of authority supporting disclosure of compensation rates in connection with conditional certification notices.  Thus, Defendants shall only be required to produce the

9

Case 1:21-cv-01537-ALC-KHP   Document 47   Filed 11/02/21   Page 10 of 11

following information for all non-managerial employees employed by them at any time from February 19, 2018 to the present:  names, titles, date of employment, last known mailing addresses, email addresses, and phone numbers.  This information shall be provided within 30 days of the date of this Order.

**VI.      Tolling of Statute of Limitations**

Plaintiff seeks equitable tolling of the statute of limitations for potential members of the collective who have not yet opted-in.  Equitable tolling is appropriate "only in rare and exceptional circumstances . . . where a plaintiff has been prevented in some extraordinary way from exercising his rights."  *Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (citations and internal quotation marks omitted).  This case does not present any such rare and exceptional circumstances.  Accordingly, Plaintiffs' request for equitable tolling is denied.

However, this Court recognizes that equitable tolling issues may arise as to individual opt-in plaintiffs, and that other courts in this district sometimes entertain challenges to the timeliness of individual plaintiffs' actions.  *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013).  Should equitable tolling issues arise in this case as to particular plaintiffs, the Court will timely address those issues as necessary.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for conditional certification of their FLSA claims is **GRANTED** in part and **DENIED** in part.  The Court conditionally certifies a collective of potential plaintiffs who were employed as non-managerial at any time between

February 19, 2018 and the present.  Within 30 days of this Order, Defendants shall produce the

following information for all non-managerial employees employed by them at any time from

February 19, 2018 to the present:  names, titles, date of employment, last known mailing

addresses, email addresses, and phone numbers.  Within 14 days of this Order, Plaintiffs shall

submit a revised proposed form of Notice consistent with this Order to the Court for approval.

**SO ORDERED**

DATED:        New York, New York
             November 2, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge

11