# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
info@leelitigation.com

**MEMO ENDORSED**

WRITER'S DIRECT:
(212) 465-1188
cklee@leelitigation.com

May 12, 2022

**Via ECF**
The Honorable Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ortiz et al v. Eskina 214 Corp. et al.*
Case No. 1:21-cv-01537-(ALC) (KHP)

Dear Judge Parker:

We are counsel to Plaintiffs in the above-captioned case. Plaintiffs write, pursuant to Your Honor's Individual Rules and Practices (II)(C) and Plaintiffs respectfully request a conference with the Court to address the following discovery issue:

1. **Class Discovery List**
2. **Class Discovery**

Plaintiffs through their counsel, and Defendants through their counsel ("the Parties"), met and conferred by phone on March 28, 2022, April 5, 2022, April 12, 2022, April 21, 2022, April 26, 2022, May 4, 2022, May 6, 2022, and May 12, 2022 regarding the above discovery dispute, but are unable to resolve these disputes without judicial intervention. Plaintiffs have communicated to Defendants that they would be preparing this discovery dispute motion.

**(1) Class Discovery List**

On November 11, 2021, Your Honor's issued an Order & Opinion on Conditional Certification [Dkt. 47]. Your Honor ordered that within 30 days of the Order, Defendants shall produce the following information for all non-managerial employees employed at any time from February 19, 2018 to the present: names, titles, date of employment, last known mailing addresses, email addresses, and phone numbers [Dkt. 47].

After the Telephonic Case Management Conference with Your Honor on April 20, 2022, the Parties met and conferred and agreed that Defendants would produce Plaintiffs with a class list by May 15, 2022. *See* **Exhibit A – Class List and Class Document Request Email Exchange.**

On April 21, 2022, Defendants produced a list of names without any of the information ordered by Your Honor or requested by Plaintiffs. On that same day, Plaintiffs corresponded with Defendants asking them to provide further information on the class list to comply with Your Honor's Order, as the list provided only contained names and no other information as per Your Honor's Order. Despite the fact that Defendants still have time to produce the class list, their position is that they have produced all information that they have.

Without any further details as the class list, Plaintiffs will be unable to effectuate service of the 216(b) notice, and unable to contact any potential 216(b) opt-in Plaintiffs.

---

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/13/2022**

**A Discovery conference in this matter is hereby scheduled for Monday, June 6, 2022 at 2:30 p.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
05/13/2022

Therefore, Plaintiffs request the relevant class list information to comply with Your Honor's Order on November 11, 2021 [Dkt. 47]. Based on numerous discussions with Defendants it is clearly apparent that Defendants do not intend to supplement the names provided so as to comply with Your Honor's Order and the purpose of the FLSA.

**(2) Class Discovery**

On April 21, 2022, Your Honor Ordered that Defendants produced the relevant wage records for the class by June 3, 2022, as discussed on the April 20, 2022 Telephonic Case Management Conference [Dkt. 70].

To date Defendants have only produced class payroll details for 2019 only. Despite the fact that Defendants still have time to produce class documents, Defendants have made it clear based on the various meet and confers listed above, that they will not be providing further class documents for the years prior to and after 2019.

The Court has approved Parties conditional collective certification for all non-managerial employee employed by Defendants at any time between February 19, 2018 and the present. Because Defendants have not provided a full class list, Plaintiffs cannot grasp the full class size. Plaintiffs still intend to litigate on a six (6) year class wide basis. Plaintiffs will also need the class documents for a Rule 23 Class Certification Motion.

Plaintiffs' requests for class discovery are clearly relevant and proportional to the allegations in Plaintiffs' Class and Collective Action Complaint, as the case was pled as a class action, and plaintiffs are required to provide courts with "sufficient information to determine whether certification is appropriate." *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. May 24, 2007); *see also Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, at *2 (S.D.N.Y. Sept. 9, 2016)(VSB)("the discovery request by Plaintiffs is necessary to show the 'commonality,' 'typicality,' 'numerosity,' 'ascertainability' and predominance' for Plaintiffs' proposed motion for Rule 23(b)(3) certification"); *Calabrese v. CSC Holdings, Inc.*, No. 02 Civ. 5171, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. Mar. 7, 2007) (noting that before deciding whether to certify a class, the "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met"); *Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016) (granting plaintiff's request to compel discovery because "[d]efendants' position – refusing to produce discovery about putative collective action members, then opposing certification because [p]laintiff lacks that discovery – manufactures a Catch-22.").

Moreover, the overwhelming weight of authority in the Second Circuit, facilitates pre-certification class discovery in FLSA and NYLL cases. *See e.g., Uraga v. Amici 519 LLC*, No. 17 CV 3547 (S.D.N.Y.) (ordering Defendants to produce six years of records for Rule 23 class members prior to collective or class certification) (Fox, M.J.); *Rodriguez v. Castle Check Cashing Corp.*, No. 17 CV 9930 (S.D.N.Y.) (ordering Defendants to produce all payroll records, time records, and wage statements for approximately 150 NYLL Class Members over a six-year period, prior to collective or class certification) (Woods, J.); *Huitzil v. Pak O Avenue Corp.*, No. 17 CV 529 (E.D.N.Y.) (ordering pre-class and collective certification discovery of representative sampling of records for Rule 23 class members to "make sure that the parties are positioned so that they can make arguments [regarding Rule 23] at some later date") (Kuo, M.J.); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016) ("…the Court is persuaded that production [with respect to putative Rule 23 class members] of wage-and-hour documents, tip records, records relating to defendants' commission payments, and text messages with their employer would likely support" a showing sufficient for class certification) (Cott, M.J.). Therefore, Defendants should be compelled to provide the requested class discovery and contact information to Plaintiffs

Therefore, discovery as to potential class members, is especially necessary as Plaintiffs intend to file a Rule 23 Class Certification Motion. Such records are appropriate because they will help assess the claims and damages of the Class, but Defendants refuse to produce any further documents beyond those already produced.

For the reasons stated herein, the Court should compel the above-referenced discovery.

*     *     *

In view of the foregoing, Plaintiffs request the Court's attention to the above matters and respectfully request an Order resolving the parties' disputes, or a conference to discuss the same.

We appreciate Your Honor's consideration.

Respectfully submitted,

                    For Plaintiffs:

                    By: */s/ C.K. Lee*
                    C.K. Lee, Esq.
                    Anne Seelig, Esq.
                    Lee Litigation Group, PLLC
                    148 West 24th Street, 8th Floor
                    New York, New York 10011
                    Telephone: (212) 465-1188
                    cklee@leelitigation.com
                    anne@leelitigation.com

# EXHIBIT A

# 21-cv-01537 - Ortiz et al V. Eskina 214 Corp. et al - Discovery Dates based on Conference and Phone Call on 4/20/22

Francis Lee <francis@leelitigation.com>
Wed 4/20/2022 3:39 PM
To: Bart <bmayol@yahoo.com>
Cc: CK Lee <cklee@leelitigation.com>;Taylor Flowers <taylor@leelitigation.com>

Hi Mr. Mayol,

For your refence dates as discussed today:

1. Fact Discovery - ends 9/30/22.
2. Class List - by 5/15/22 (see below for information needed)
3. Class Documents - by 6/3/22 (see below for information needed)
4. Joint Status letter regarding class documents and mediation - due 6/8/22.

In anticipation of mediation, Plaintiffs request a sampling of documents occurring through the following procedure.

Plaintiffs will select a sampling of an agreed upon percentage of class members from a class list provided by Defendants. Such class list will include all the agreed upon covered employees. The class list will include the following information:
 1. Employee Name/Identifier Number
 2. Title
 3. Employment Period
 4. Rate(s) of pay
 5. Locations of Employment

From the class list provided by Defendants, Plaintiffs will select a sampling of an agreed upon percentage of class members for whom Defendants will produce the following documents:
 1. Punch/Time Records
 2. Wage Notices
 3. Wage Statements
 4. Annual Wage Summaries
 5. Tips Sheets
 6. Handbook (If one exists)

Finally in terms of SDNY Mediation mediator we suggest: M. Salman Ravala, Patrick M McKenna, Michael L. Levy, or Roger H Briton. Please approve of all four mediators so the mediation office can pick one based on availability.
Thank you.

Francis Lee
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
francis@leelitigation.com
Main: (212) 465-1180
Direct: (212) 661-0050
Fax: (212) 465-1181