UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICARDO ORTIZ, HENRY FLORES, and
MARIO FLORES, *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class*,

                                          Plaintiffs,

                    -against-

ESKINA 214 CORP. d/b/a CAFÉ TABACO
& RON, ISMAEL GARCIA and WILLIAM
SEGURA,

                                       Defendants.

-----------------------------------------------------------------X

**21-CV-1537 (ALC) (KHP)**

**OPINION AND ORDER ON DISCOVERY AND SCHEDULING**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiffs worked as cooks for the Café Tabaco & Ron restaurant ("Café"). Individual Defendants Ismael Garcia and William Segura are alleged to be owners of the café/employers of Plaintiffs. Plaintiffs claim they were denied overtime, among other wage and hour violations. Defendant Garcia is currently proceeding pro se and has for some time failed to participate in this action or respond to discovery.

      This Court granted Plaintiffs' motion to conditionally certify a collective action on November 2, 2021 (ECF No. 47), and eventually Defendants produced a class list. Plaintiffs' counsel mailed the class list, and the opt-in period is set to expire on November 27, 2022.

      Although the represented Defendants initially participated in discovery, they have ceased cooperating and have since refused to respond to Plaintiffs' discovery requests. As a result, counsel for the Café and Segura stated at today's case management conference that he

intends to file a motion to withdraw as counsel because his clients have stopped responding to him.  **Defense counsel shall file a motion to withdraw as counsel with an accompanying affidavit setting for the good cause therefore by November 7, 2022.  Counsel shall serve a copy of this Order and his motion to withdraw on the Café and Segura, who shall have 14 days to respond to the motion.**

**Plaintiffs' counsel shall file a status letter with the Court by December 2, 2022 stating whether any additional employees/former employees have opted into the collective.**

On September 9, 2022, Plaintiffs filed a motion for Defendant Garcia to appear for a deposition and sanctions.  (ECF No. 100.)  Garcia's deposition was initially noticed for July 22, 2021.  His then counsel stated he was unavailable because he was out of the country in the Dominican Republic.  The Court then ordered that the deposition take place on or before October 29, 2021.  (ECF No. 36.)  His deposition was rescheduled for October 19, 2021.  Then, on October 13, 2021, Garcia's counsel filed a motion to withdraw as Garcia's counsel in light of his non-cooperation.  That motion was granted.  Garcia failed to show for his deposition but ultimately retained substitute counsel.  His deposition was re-noticed for July 19, 2022.  Garcia again did not show up for his deposition.  On September 1, 2022, Garcia's second counsel sought permission to withdraw, which the Court granted on September 6, 2022.  (ECF No. 98.)

Plaintiffs contend deposition testimony from the company and Defendant Segura suggest that Garcia had considerable control over the wage and hour policies of the Café. Consequently, they seek an order requiring Garcia to appear for a deposition and sanctions

against Garcia and his second counsel in the form of their attorneys' fees and costs in making the motion to compel.

Fed. R. Civ. P. 37(a) provides that a party may make a motion to compel discovery if a deponent fails to answer a question during a deposition.  If the motion is granted, the court may issue an award of attorneys' fees and costs incurred in making the motions so long as the movant attempted to resolve the issue in good faith prior to making the motion, the failure to provide the response was not substantially justified, and other circumstances do not render such an award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  In this case, Garcia wholly refused to show up for his deposition and answer questions after numerous attempts by Plaintiffs' counsel to obtain his compliance.  Garcia even defied his own attorney.  **Accordingly, Plaintiffs' request for an order that Garcia show up for a deposition and pay their costs and attorneys' fees for having to make the motion (ECF No. 100) is GRANTED as to Garcia, except that the fees requested will be reduced as discussed below.  The motion is DENIED as to Defense Counsel, who attempted to secure compliance but was faced with an uncooperative client and, for that reason, should not be deemed to have participated in any misconduct.**

Plaintiffs' counsel seeks $18,785 in fees and costs and have attached time records supporting their request.  The Court has reviewed the time records and finds that the requested fees are excessive and most are unrelated to filing the motion to compel.  Furthermore, the hourly rates sought are excessive.  The records reflect that partner CK lee spent 2.5 hours preparing for Garcia's deposition, only to have Garcia not show up at the last minute and .8 hours commenting on the draft motion to compel, at a rate of $800/hour.  They

3

show that third-year associate Francis Lee spent 11.2 hours drafting a sanctions letter and drafting and revising a motion to compel Garcia's deposition at a rate of $450/hour.  All of the other time submitted concerns other discovery matters or communications with Defense Counsel about scheduling the deposition of Garcia.  The motion to compel is itself only nine pages long, with the legal argument comprising only 4 pages.  To say that it is bare bones would be an understatement.  The time spent was wholly excessive.  No more than two hours of associate time was warranted, and no more than a half hour of partner time should have been incurred on the motion.  Further, in this District, courts have found reasonable rates for partners in wage and hour cases like this are $450 an hour and third year associates are $300 an hour.  See *Garcia v. 120 MP, LLC*, 2020 WL 2319126, at *2 (S.D.N.Y. May 8, 2020) (awarding CK Lee an hourly rate of $450 and awarding his associate an hourly rate of $300).  Accordingly, I find that the appropriate award of attorneys' fees and costs in connection with this motion to compel is $825.  **Accordingly, Garcia is ORDERED to pay $825 in fees to Plaintiffs in respect of their attorneys' fees incurred in connection with the motion to compel his deposition.**

On September 15, 2022, Plaintiffs filed another motion to compel (ECF No. 103), this time against all Defendants, for failure to produce certain documents requested including an employee manual, contracts between Segura and Garcia pertaining to ownership of the Café and other documents relating to ownership, and emails from Segura's business email account relevant to this matter.  These documents were requested during the deposition of Segura, which was held on July 19, 2022.  Plaintiffs' counsel called and emailed Defense Counsel on September 6, 2022 to follow up on the requests, but to date have not received the documents.

As noted above, Defense Counsel informed the Court that his clients are not responding to his calls and that he seeks to withdraw as counsel. Unlike the motion at ECF No. 100, Plaintiffs seek only an order from this Court requiring Segura and the Café to produce the requested documents. **This motion (ECF No. 103) is GRANTED in part. By November 23, 2022, Segura and the Café shall produce to Plaintiffs: 1) the employee manual; 2) the 2018 sales contract between Segura and Garcia; 3) documentation of the 2018 share transfer between Segura and Garcia; 4) the 2021 repurchase contract between Segura and Garcia and supporting documents; and 5) emails from Segura's business email account containing wage, attendance and scheduling records for employees of the Cafe for the three-year period preceeding the filing of the complaint to the present.** Plaintiff's request for and order requiring production of "information on the business email (including a report of the search terms ran and the custodian)" is denied because it is overly vague and unnecessary. The only custodian account being searched is the Segura business email account. However, to the extent that Defendants utilize search terms to locate the business and documents specified by the Court above, they shall provide Plaintiffs with the search terms used.

This Opinion and Order terminates the motions at ECF 100 and 103.

**SO ORDERED.**

DATED:  New York, New York
October 24, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge