UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICARDO ORTIZ, HENRY FLORES, and
MARIO FLORES, *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class*,

                        Plaintiffs,

        -against-

ESKINA 214 CORP. d/b/a CAFÉ TABACO
& RON, ISMAEL GARCIA and WILLIAM
SEGURA,

                        Defendants.

-----------------------------------------------------------------X

21-CV-1537 (ALC) (KHP)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2023

**KATHARINE H. PARKER, United States Magistrate Judge:**

As discussed in the February 16, 2023 Conference, Individual Defendant William Segura's request to appoint pro bono counsel at ECF No. 124 is DENIED.

Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer

time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.

Though he informed the Court that he is not able to hire an attorney Defendant Segura has not filed a Request to Proceed *in Forma Pauperis* (IFP), Plaintiff therefore does not qualify as indigent. Additionally, the other factors weigh against granting Plaintiff's application at this time. This case is likely not proceeding to trial given Plaintiffs' stated desire to dismiss the case. Defendant has also been able to conduct discovery and articulate to this Court the basis for his defenses.

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case.

**The Clerk of the Court is respectfully requested to close the motion at ECF No. 124.**

**The Clerk of the Court is respectfully requested to mail a copy of this order to Defendant Segura.**

**SO ORDERED.**

DATED: New York, New York
August 4, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge